IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

<table>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>MAURICE MOUZON, <em>pro se</em>,</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>Petitioner,</td><td></td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td>CRIMINAL NO.: WDQ-06-0453</td></tr>
<tr><td>v.</td><td></td><td>CIVIL NO.: WDQ-09-2960</td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>UNITED STATES OF AMERICA,</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>Respondent.</td><td></td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
</table>

*   *   *   *   *   *   *   *   *   *   *   *   *

MEMORANDUM OPINION

Maurice Mouzon pled guilty to possession with intent to
distribute cocaine and a firearms offense.  Pending are Mouzon's
motions to (1) vacate, set aside or correct his sentence under
28 U.S.C. § 2255 and (2) strike the Government's opposition.  No
hearing is necessary.  *See* Rule 8 of the Rules Governing § 2255
Proceedings.  For the following reasons, the motions will be
denied.

I.  Background

The following facts were agreed to by Mouzon in his
February 20, 2007 Plea Agreement under Fed. R. Crim. P.
11(c)(1)(C).  On September 28, 2006, law enforcement agents

executed a search warrant at Mouzon's home in Baltimore, Maryland.  Plea Agreement ¶ 6.  Mouzon was there, and he told the agents that he had a gun in his bedroom closet and cocaine in his car.  *Id*.  In the bedroom, the agents found a Llama .45 caliber pistol--which Mouzon possessed in furtherance of narcotics trafficking--and $7,000, which constituted proceeds from narcotics trafficking.  *Id*.  In the car, the agents found more than 200 grams of powder cocaine.  *Id*.

On February 20, 2007, Mouzon pled guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).  On May 2, 2007, the Court sentenced him to 248 months imprisonment in accordance with the Plea Agreement.  At sentencing, Mouzon attempted to withdraw his guilty plea because he believed that further investigation would reveal that two prior convictions were invalid, and the Court would find that a sentence less than 248 months would be appropriate.  *See* Sentencing Hr'g Tr. 19-21.[1] The Court denied his request to withdraw his plea.  *Id*.

---

[1] The Presentence Report noted six prior adult convictions: four convictions for possession with the intent to manufacture and distribute a controlled dangerous substance, and convictions for carrying a handgun and driving without a license.  Presentence Report 5-6.  The four drug convictions qualified Mouzon as a career offender under U.S.S.G. § 4B.1.1 with a criminal history

Mouzon appealed, arguing that there was an insufficient factual basis for his plea, and the Court had erred in denying his request to withdraw his plea. *See United States v. Mouzon*, 295 Fed. Appx. 607 (4th Cir. 2008). The Fourth Circuit affirmed. *Id*. On November 5, 2009, Mouzon filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Paper No. 42. On February 4, 2010, the Government moved to extend the deadline for its response to March 1, 2010, Paper No. 44; the Court granted the motion the next day, Paper No. 45. On February 23, 2010, Mouzon moved for "default," arguing that by failing to respond by the original deadline, the Government had conceded that his § 2255 motion should be granted. Paper No. 46.

---

category of VI. *Id*. 7. His total adjusted offense level was 30. *Id*. 4.

II. Analysis

A. Motion to Strike[2]

The Court required the Government to respond to Mouzon's § 2255 motion by January 18, 2010. Paper No. 43. On February 4, 2010, the Government moved for an extension, explaining that because of a docketing error, it had not received notice of the Court's order. Paper No. 44. The Court granted the Government's motion and ordered a response by March 1, 2010. Paper No. 45.

Mouzon argues that the Government conceded the contentions in his § 2255 motion by failing to respond by the original deadline. As the Government's failure to respond was caused by a docketing error, the Court granted an extension to file. The Government's March 1 response was timely. Accordingly, Mouzon's motion to strike will be denied.

B. Motion to Vacate, Set Aside or Correct Sentence

In his § 2255 motion, Mouzon argues that he received ineffective assistance of trial counsel. The Sixth Amendment

---

[2] Mouzon captioned his motion as a "motion for default" under Federal Rules of Civil Procedure 8 and 55. Citing Rule 8's provision that "an allegation [in a pleading] . . . is admitted if a responsive pleading is required and the allegation is not denied," Mouzon argued that the Government's failure to respond by January 18, 2010 meant that it had "admitted" the contentions in his § 2255 motion. Rule 8 is inapplicable because Mouzon's motion is not a pleading. The motion for default will be construed as a motion to strike the Government's opposition as untimely.

guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prove ineffective assistance, Mouzon must show: (1) counsel's performance was deficient and (2) the deficiency prejudiced his defense. *Id*. at 687. To show deficient performance, Mouzon must establish that counsel made errors so serious that the "representation fell below an objective standard of reasonableness." *Id*. at 688. To show prejudice, he must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Mouzon argues that counsel unreasonably failed to challenge two prior state convictions.[3] Mouzon argues that--notwithstanding his stipulation to a 248 month sentence--if counsel had challenged these convictions, he would not have been a career

_____

[3] The convictions were in the Circuit Court for Baltimore City. *See* Govt. Opp., Ex. 3 (Memorandum and Opinion in *Mouzon v. State*, Nos. 298316064, 299021030 (Murdock, J.)). Mouzon pled guilty to two counts of possession with intent to manufacture and distribute a controlled dangerous substance. *Id*. at 1. It appears that Mouzon's counsel was forced to withdraw from the case before sentencing to face disciplinary proceedings before Maryland's Attorney Grievance Commission. *Id*. at 7. The Circuit Court advised Mouzon to seek new counsel, but Mouzon insisted on appearing *pro se* at the sentencing. *Id*.

On June 3, 2009, Mouzon sought *coram nobis* relief from these convictions. *Id*. at 1. Holding that Mouzon had not been prejudiced by counsel's absence at sentencing because he had received the lightest possible sentence (eight years imprisonment, with all but three suspended, which was to run concurrently with a two year sentence for violation of probation), the Circuit Court denied relief. *Id*. at 7.

offender under U.S.S.G. § 4B.1.1(a) and would have received a lesser sentence. The Government notes that after sentencing in this case, Mouzon unsuccessfully pursued *coram nobis* relief on these convictions; thus, counsel's challenge would have been meritless. *See* Govt. Opp., Ex. 3 (Memorandum Opinion in *Mouzon v. State*, Nos. 298316064, 299021030 (Murdock, J.)). As counsel was not ineffective by failing to raise a meritless challenge, *see Baker v. Corcoran*, 220 F.3d 276, 293 n.15 (4th Cir. 2000), Mouzon is not entitled to relief.

Had counsel, by some miracle, secured *coram nobis* relief, Mouzon would still have been sentenced as a career offender because he had two other felony drug convictions. *See* Govt. Opp., Ex 2 (Presentence Report); *see also Mouzon v. State*, Nos. 298316064, 299021030, at 8-9 (discussing Mouzon's criminal history). Under U.S.S.G. § 4B1.1:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) *the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense*.

U.S.S.G. § 4B1.1 (2007) (emphasis added). Thus, Mouzon cannot demonstrate prejudice.

As Mouzone has failed to establish ineffective assistance of counsel, his motion to vacate, set aside or correct his sentence will be denied.

C.   Certificate of Appealability

A certificate of appealability ("COA") must issue before a petitioner may appeal the decision in a 28 U.S.C. § 2255 case. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (internal quotations omitted).  Denial of a COA does not prevent a petitioner from seeking permission to file a successive petition or pursuing his claims upon receipt of such permission.

Mouzon has not made a substantial showing of the denial of his constitutional rights.  Accordingly, the Court will not issue a COA.

III. Conclusion

For the reasons stated above, Mouzon's motions to (1) vacate, set aside, or correct his sentence and (2) strike the Government's opposition will be denied.


April 28, 2010                    _____/a/_____
Date                              William D. Quarles, Jr.
                                  United States District Judge