IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   Crim. No. CCB-06-453 |
| | * |
| MAURICE MOUZON | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### **MEMORANDUM & ORDER**

Now pending are Maurice Mouzon's second and third pro se motions for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). (ECF 76, ECF 81).[1] Mouzon is serving a 248-month sentence for distribution and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (ECF 32, Judgment). Mouzon contends that he is entitled to a sentence reduction because his sentencing range has been lowered by amendment 782 of the Sentencing Guidelines.

When the United States Sentencing Commission makes a guidelines amendment retroactive, as it has done for amendment 782, 18 U.S.C. § 3582(c)(2) "authorizes a district court to reduce an otherwise final sentence that is based on the amended provision." *Dillon v. United States*, 560 U.S. 817, 821 (2010). The court conducts a "two-step inquiry" in determining whether to reduce the defendant's sentence. *United States v. Peters*, 843 F.3d 572, 574 (4th Cir. 2016) (quoting *Dillon*, 560 U.S. at 826). The first step is to determine the defendant's eligibility. "Section 3582(c)(2) permits a reduction only if (1) the defendant's 'term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' and (2) the reduction 'is consistent

---

[1] Mouzon made a similar motion in 2017 which was denied. (ECF 72). Though one of Mouzon's pending motions is docketed as a motion to reduce sentence pursuant to Section 404 of the First Step Act, the substance of that motion is a request for a sentencing reduction based on the retroactivity of amendment 782. (*See* ECF 76). To the extent Mouzon argues that the First Step Act of 2018 made amendment 782 retroactive or otherwise changes the analysis of Mouzon's eligibility for a sentence reduction, he is incorrect. Amendment 782 was made retroactive by the Sentencing Commission and not by an Act of Congress. *See Hughes v. United States*, 138 S. Ct. 1765, 1774 (2018).

1



with applicable policy statements issued by the Sentencing Commission.'" *Id.* at 574 (quoting 18 U.S.C. § 3582(c)(2)).

Mouzon is not eligible for relief because his sentencing range has not been lowered by amendment 782. Regardless whether the amendment lowered the base offense level applicable to the quantity of cocaine Mouzon distributed, Mouzon agreed that he qualified as a career offender under the guidelines and that his advisory guideline range would be determined by U.S.S.G. §§ 4B1.1(c)(2)(B) and (c)(3). (ECF 85-1, Plea Agreement ¶ 7; ECF 85-2, Pre-Sentence Report ¶ 23). As his sentencing range was based on his status as a career offender and not on any quantity lowered by amendment 782, Mouzon is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). *See United States v. Munn*, 595 F.3d 183, 187 (4th Cir. 2010), *abrogated on other grounds as recognized in United States v. Muldrow*, 844 F.3d 434, 442 (4th Cir. 2016).

Accordingly, Mouzon's motions for sentence reduction (ECF 76; ECF 81) are DENIED.

____10/7/21____
Date

____CCB____
Catherine C. Blake
United States District Judge