IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. Action No.   CCB-06-0453 |
| MAURICE MOUZON, | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

On May 2, 2007, Maurice Mouzon was sentenced to 188 months incarceration for distribution and possession with intent to distribute narcotics and 60 months consecutive for possession of a firearm in furtherance of a drug trafficking crime for a total term of imprisonment of 248 months. (ECF 32). The sentence was imposed by Judge William D. Quarles, Jr. following a Rule 11(c)(1)(C) plea agreement with an agreed-upon recommendation. (ECF 39, at 7; ECF 47-1). Mr. Mouzon sought to withdraw his guilty plea at sentencing, but Judge Quarles denied his request and the Fourth Circuit affirmed that decision. (ECF 39).

On November 5, 2009, Mr. Mouzon filed a motion to vacate under 28 U.S.C. § 2255 (ECF 42), which was opposed by the government (ECF 47) and denied by Judge Quarles on April 28, 2010 (ECF 49, 50). The case was transferred to the undersigned judge after Judge Quarles retired. Several motions for sentence reduction already have been denied. (ECF 72, 89).

Now pending is a motion for compassionate release in which Mr. Mouzon challenges his sentence on the basis that his four prior qualifying convictions are "inchoate" drug offenses and therefore he should not have been considered a career offender. (ECF 92). He supplemented his

motion on July 24, 2023, with an argument that if he were sentenced today, he would receive a much lower sentence. (ECF 94). The government has filed an opposition. (ECF 97).[1]

To support a motion for compassionate release under 18 U.S.C § 3582(c)(1)(a), the defendant must show an "extraordinary and compelling" reason for release. If he does so, the court then considers "the factors set forth in section 3553(a) to the extent they are applicable." *United States v. Bond*, 56 F4.th 381, 383–84 (4th Cir. 2023). The burden is on the defendant to show that the § 3553(a) factors support release. *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024). I will assume without deciding that Mr. Mouzon has shown an extraordinary and compelling reason based on the length of his sentence. Unlike the defendant in the case Mr. Mouzon relies on, *United States v. Harrison*, No. CCB-06-478, 2023 WL 403029 (D. Md. Jan. 25, 2023), however, he has not addressed the § 3553(a) factors. *See Harrison*, 2023 WL 403029, at *4–5. From the record, it appears that his offense was quite serious and that he has a significant criminal record. No extraordinary efforts at rehabilitation have been proffered, nor any evidence about his disciplinary record while incarcerated. With a release date in late December 2024, he has shown no reason for compassionate release at this time.

Accordingly, it is hereby Ordered that:

1. The motion for compassionate release (ECF 92) is **DENIED**; and

2. The Clerk shall send a copy of this Memorandum and Order to Mr. Mouzon and counsel of record.

Date:  November 1, 2024                                    BY THE COURT:

/S/ CATHERINE C. BLAKE
Catherine C. Blake
United States District Judge

---

[1] Mr. Mouzon's prior offenses consist of three convictions for possession with the intent to manufacture and distribute a controlled dangerous substance. ECF 49, at 2 n.1.